OPINION
{¶ 1} Maurice K. Longs was found guilty by a jury in the Montgomery County Court of Common Pleas of robbery and grand theft of a motor vehicle. The trial court merged the offenses for sentencing and imposed a prison term of three years. The court also ordered Longs to pay restitution in the amount of $550. Longs appeals from his conviction.
 {¶ 2} The state's evidence established the following facts.
 {¶ 3} In the early evening on August 7, 2004, Tillis Latimer drove to an IGA grocery store on Germantown Street in Dayton with his girlfriend. Latimer remained in the parking lot in his Ford Explorer while his girlfriend went into the store. Latimer had about $1,500 worth of audio equipment in his car, including an amplifier and two subwoofers, which were located in the rear of his vehicle. While he waited for his girlfriend, Latimer stepped out of his vehicle and reached into the rear driver's side door to adjust the amplifier. As he did so, he was struck from behind, and a struggle ensued between Latimer and two men. One of the men jumped into the driver's seat of the Explorer while Latimer wrestled with the other man. The second man then jumped into the passenger side of the car, and the Explorer pulled away, running over Latimer's leg in the process. Latimer reported the carjacking to the police and provided them with descriptions of the two men.
 {¶ 4} Later that night, Latimer and one of his cousins decided to drive through some parts of town where they believed that the Explorer might be taken to be stripped of the audio equipment. They hoped to spot the vehicle. At approximately 10:00 p.m., while they had stopped to eat, the men observed the Explorer at a Broaster Hut less than a mile from the IGA where it had been taken. Longs was the driver. According to Latimer, the two men in the car were the men who had taken the car at the IGA. Latimer, his cousin, and some friends followed the car until they were able to corner it at Route 35 and Abbey, whereupon an altercation broke out in the street. The police arrived a short time later, arrested Longs and his companion, and returned the Explorer to Latimer. Longs was indicted for robbery and grand theft of a motor vehicle. The matter was tried to a jury in February 2005, and Longs was found guilty of both offenses. He was sentenced as described supra. Longs raises three assignments of error on appeal.
 {¶ 5} I. "THE VERDICT AGAINST MR. LONG[S] WAS NOT SUPPORTED BY THE SUFFICIENCY OF THE EVIDNECE."
 {¶ 6} II. "THE VERDICT AGAINST MR. LONG[S] WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 7} III. "THE TRIAL COURT VIOLATED THE APPELLANT'S DUE PROCESS OF LAW AS THE STATE FAILED TO PROPERLY IDENTIFY THE APPELLANT AS THE ALLEGED PERPETRATOR BEYOND A REASONABLE DOUBT."
 {¶ 8} Longs' central argument in each of these assignments of error is that the identification evidence was too weak to be believed. As such, we will address these assignments of error together.
 {¶ 9} Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955),162 Ohio St. 486, 124 N.E.2d 148. As Longs' third assignment of error suggests, a conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982),457 U.S. 31, 45, 102 S.Ct. 2211, 2220, 72 L.Ed.2d 652, citingJackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781,61 L.Ed.2d 560. In considering the sufficiency of the evidence, the pivotal question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus; State v.Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717.
 {¶ 10} When a conviction is challenged on appeal as being against the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, citing Martin, 20 Ohio App.3d at 175. Because the trier of fact sees and hears the witnesses and is particularly competent to decide "whether, and to what extent, to credit the testimony of particular witnesses," we must afford substantial deference to its determinations of credibility. State v. Lawson (Aug. 22, 1997), Montgomery App. No. 16288. A judgment should be reversed as being against the manifest weight of the evidence only in exceptional circumstances. Martin, 20 Ohio App.3d at 175.
 {¶ 11} Longs generally fit one of the descriptions that Latimer had given to the police. At trial, Latimer unequivocally identified Longs as one of the two men with whom he had struggled at the IGA on the afternoon of August 7, 2004, before his car was taken. He also testified that he had seen Longs driving his car later that night near the Broaster Hut. Two other witnesses similarly identified Longs as the man who was driving Latimer's vehicle on the evening of August 7, 2004. Longs was arrested just outside the car a short while later, having been observed by these same witnesses getting out of the car. These identifications, coupled with other evidence, were sufficient to support Longs' convictions for robbery and grand theft. Thus, the evidence was not insufficient to support the charged offenses, nor did it fail to identify Longs beyond a reasonable doubt. Moreover, the jury did not clearly lose its way or create a manifest miscarriage of justice.
 {¶ 12} The assignments of error are overruled.
 {¶ 13} The judgment of the trial court will be affirmed.
Grady, J. and Donovan, J., concur.